# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARIEL OLIVENCIA,** | : | |
| **Plaintiff** | : | |
| | : | **No.: 02-CV 4184** |
| **v.** | : | |
| | : | |
| **DELTA DENTAL OF** | : | |
| **PENNSYLVANIA,** | : | |
| **Defendant** | : | |

## ANSWER AND NEW MATTER

**AND NOW** comes the Defendant, Pennsylvania Dental Service Corporation, t/d/b/a Delta Dental of Pennsylvania ("Delta Dental of Pennsylvania") by its counsel, Nauman, Smith, Shissler & Hall, LLP, and files the within Answer and New Matter and avers as follows:

1.    Plaintiff alleges that  in January, 2001, he contracted with a dental surgeon to extract three wisdom teeth.  Admitted.

2.    Plaintiff alleges that prior to the surgery, Plaintiff  contacted Defendant to ensure that the procedure was covered under his father's dental insurance.  It is admitted that Plaintiff contacted Defendant prior to the performance of the procedure. However, Defendant is without knowledge  or belief as to Plaintiff's motive for doing so.  By way of further answer, it is denied that verification of  benefits or eligibility over the phone can constitute  a guarantee of payment.

3.      Plaintiff alleges that prior to the day of the procedure, Plaintiff's dental office called Defendant twice, and coverage was confirmed.  Admitted in part, denied in part.   It is admitted that Plaintiff's dental office called Delta.   Delta is without knowledge or belief as to the substance of the conversation.   By way of further answer, it is denied that verification of  benefits or eligibility over the phone can constitute a guarantee of payment.

4.      Plaintiff alleges that two weeks after the surgery, Plaintiff received a bill for the total cost of the procedure in the amount of $1,365.00.  Delta is without knowledge, information, or belief as to whether the Plaintiff received a bill, or the amount of said bill.  By way of further answer, Delta does not send bills to subscribers, and did not send a bill to Mr. Olivencia.  It is admitted that Delta sent a "Notice of Payment" to Mr. Olivencia indicating that Delta's plan payment was $0.00 because he was not eligible for coverage under the governing Contract.

5.      Plaintiff alleges that  he contacted Delta's office, he was told that he was not eligible for coverage.  Admitted.

6.      Plaintiff alleges that his efforts to resolve this matter with Delta were to no avail.   It is denied that Plaintiff availed himself of Delta's appeal and grievance procedure, or that Delta has in any way prevented him from doing so, or will prevent him from doing so at the present time.

2

7.    Plaintiff alleges that after he contacted the insurance commissioner, plaintiff received a bill from defendant for a balance due of $750.00.  It is denied that Delta sends bills to subscribers, or that Delta sent a bill to Mr. Olivencia. To the contrary, Delta sent Plaintiff a "Notice of Payment" indicating that Delta's plan payment would be $406.00.  It is  denied that Delta's payment  of $ 406.00 was the result of the Plaintiff contacting the Insurance Department. To the contrary, Mr. Olivencia's  eligibility was updated on August 30, 2001, and the claim was reprocessed.

8.    Plaintiff alleged that when Plaintiff failed to remit payment, the balance due was sent to collections, affecting Plaintiff's Credit.  It is specifically denied that Delta refers matters to collections, or that Delta contacted a collection agency with regard to Mr. Olivencia's claim.  By way of further answer,  Delta is without knowledge, information or belief as to whether Mr. Olivencia's dentist  referred Mr. Olivencia's  unpaid balance  to collections, or as to the status of Plaintiff's credit.

**WHEREFORE**, the Defendant, Delta Dental of Pennsylvania demands judgment in its favor and against Plaintiff, Ariel Olivencia.

## First Affirmative Defense

1.    Plaintiff's cause of action against  Delta Dental of Pennsylvania for denial of benefits arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

2.    Plaintiff alleges a state common law cause of action against Defendant.

3.    ERISA preempts all state law causes of action alleged in Plaintiff's complaint. 29 U.S.C. §1144.

## Second Affirmative Defense

4.    This court lacks jurisdiction because the Plaintiff has failed  to exhaust the available  administrative procedures  available to him under his dental plan.

**WHEREFORE**, Delta Dental of Pennsylvania, Defendant demands judgment in its favor and against Plaintiff as to any and all claims set forth in his Complaint.

NAUMAN, SMITH, SHISSLER & HALL, LLP

By:_____

**Jodi A. Beierschmitt, Esquire**
Supreme Court I.D. No. 84727
200 North Third Street
P. O. Box 840
Harrisburg, PA  17108-0840
Telephone:  (717) 236-3010

Counsel for Pennsylvania Dental Service Corporation, t/d/b/a Delta Dental of Pennsylvania

Date: September 10, 2002

5

# <u>CERTIFICATE OF SERVICE</u>

_____**AND NOW**, on the date stated below, I hereby certify that on the date listed below, I served the foregoing Answer by depositing a copy of the same in the United States Mail, first class, postage prepaid, at Harrisburg, Pennsylvania, addressed to the following:

Ariel Olivencia

1316 Deveraux Ave.

Philadelphia PA  1911-5816

_____

Penny A Rogers, Legal Assistant to

Jodi A. Beierschmitt

Dated:  September 10, 2002