UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARIEL OLIVENCIA,      : | |
|     Plaintiff        : | |
| : | |
| : | No.: 02-CV 4184 |
| v.                    : | |
| : | |
| DELTA DENTAL OF       : | |
| PENNSYLVANIA,         : | |
|     Defendant       : | |

**PENNSYLVANIA DENTAL SERVICE CORPORATION,
t/d/b/a DELTA DENTAL OF PENNSYLVANIA'S MOTION
TO STAY STATE COURT PROCEEDINGS**

1. Plaintiff, Ariel Olivencia, commenced an action in The Philadelphia Municipal Court, on or about June 3, 2002.

2. Plaintiff's Complaint, a copy of which is attached hereto as Exhibit "A", was served upon the Defendant June 12, 2002.

3. On June 25, 2002, the Defendant, Pennsylvania Dental Service Corporation t/d/b/a Delta Dental of Pennsylvania (hereinafter "Delta Dental") timely

filed a Notice of Removal with the U.S. District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1446. A copy of such Notice of Removal is attached hereto as Exhibit "B."

4. This action has been docketed before the U.S. District Court for the Eastern District of Pennsylvania at Civil Action No. 02-CV-4184.

5. Pursuant to 28 U.S.C. §1446(d), a copy of the Notice of Removal was simultaneously served upon the Philadelphia Municipal Court as evidenced by the Certificate of Service attached to said Notice of Removal.

6. Said Notice of Removal deprives the Philadelphia Municipal Court of jurisdiction pursuant to 28 U.S.C. §1446(e), which provides that "... the State court shall proceed no further unless and until the case is remanded."

7. On July 16, 2002, <u>after</u> notice of removal, the Philadelphia Municipal Court entered judgment in favor of the Plaintiff as a result of Defendant's failure to appear. The Notice of Judgment, attached hereto as Exhibit "C," was served upon the Defendant on August 26, 3003.

8. The Municipal Court's Judgment is a nullity. *Crown Const. Co. v. Newfoundland American Ins. Co.,* 429 Pa. 119, 125, 239 A.2d 452, 455 (1968)("When a removal has been effected in strict compliance with the statutory

requirements, then the state court's jurisdiction ceases and any further proceeding in the state court is a nullity so long as the action is pending in the federal court").

9. Although the Philadelphia Municipal Court is without jurisdiction, a state court can, however, act to correct its own records, i.e. strike the default judgment. *Master Equipment, Inc. v. Home Ins. Co.*, 342 F.Supp. 549, 552 (E.D. Pa. 1972).

10. In fact, the U.S. District Court for the Eastern District of Pennsylvania has indicated that this is, the preferred procedure because "[t]he State court is best able to correct these entries wherever they may have been made and prevent the execution of an 'open' default judgment." *See, Master Equipment, Inc. v. Home Ins. Co.*, 342 F.Supp. 549, 552 (E.D. Pa. 1972).

11. On September 6, 2002, Defendant, Delta Dental, attempted to file such a Motion with the Philadelphia Municipal Court. A copy of such Motion is attached hereto as Exhibit "D".

12. However, such Motion was rejected by the Court Clerk of the Philadelphia Municipal Court on September 10, 2002. Specifically, the Motion was returned to Defendant's counsel, and a correction slip was issued by the Court Clerk

requesting "full captions on rule, order & petition (meaning names & addresses)." See, Exhibit "E" attached hereto.

13. On September 13, 2002, the Defendant attempted to re-file the Motion. However, the Motion was returned to Defendant's counsel on September 19, 2002, requesting that Plaintiff "fill out Rule and affidavit". See, Exhibit "F" attached hereto. Federal law does not permit state courts to require a Rule and Affidavit (or permit a hearing in state court) <u>after</u> a case has been properly removed.

14. On September 24, 2002, the Defendant again attempted to file the Motion, this time including a letter explaining that since the filing was a "Motion to Strike" and not a "petition to open the judgment" a rule to show cause is not appropriate. A copy of the letter is attached hereto as Exhibit "G."

15. However, on September 27, 2002, the Philadelphia Municipal Court again failed to comply with federal law and returned the Motion noting that they "still need rule." See, Exhibit "F."

**WHEREFORE**, Defendant, Pennsylvania Dental Service Corporation t/d/b/a Delta Dental of Pennsylvania, hereby requests that this Honorable Court (1) Order any proceedings relating to Docket No. SC-02-06-03-0143 in any state court stayed; and (2) Order the Philadelphia Municipal Court to Strike the Judgment entered July 16, 2002 in favor of the Plaintiff, Ariel Olivencia.

**NAUMAN, SMITH, SHISSLER & HALL, LLP**

**Dennis E. Boyle, Esquire**
Supreme Court I.D. No 49618

**Jodi A. Beierschmitt, Esquire**
Supreme Court I.D. No. 84727
200 N. 3rd Street, 18th Floor
P. O. Box 840
Harrisburg PA 17108-0840
Telephone: (717) 236-3010
Facsimile: (717) 234-1925

Counsel For: Pennsylvania Dental Service Corporation, t/d/b/a Delta Dental of Pennsylvania

Date: December 11, 2002

# CERTIFICATE OF SERVICE

**AND NOW**, on the date stated below, I, **JODI A. BEIERSCHMITT, ESQUIRE**, of the firm of Nauman, Smith, Shissler & Hall, LLP, hereby certify that I this day served the foregoing Motion to Strike by depositing a copy of the same in the United States Mail, first class, postage prepaid, at Harrisburg, Pennsylvania, addressed to the following:

Ariel Olivencia
1316 Deveraux Ave.
Philadelphia PA  1911-5816

The Philadelphia Municipal Court
34 S. 11th St. Philadelphia, PA 19107

**NAUMAN, SMITH, SHISSLER & HALL, LLP**

By:_____
**Jodi A. Beierschmitt, Esquire**
Supreme Court I.D. No. 84727
200 North Third Street, P. O. Box 840
Harrisburg, PA  17108-0840
Telephone:  (717) 236-3010

Counsel for Pennsylvania Dental Service Corporation, t/d/b/a Delta Dental of Pennsylvania

Date: December 11, 2002

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ARIEL OLIVENCIA,** : | |
|     **Plaintiff** : | |
| : | |
| : No.: 02-CV 4184 | |
| **v.** : | |
| : | |
| **DELTA DENTAL OF** : | |
| **PENNSYLVANIA,** : | |
|     **Defendant** : | |

### **ORDER**

AND NOW, this _____ day of _____, 2002, upon consideration of the Motion of Delta Dental of Pennsylvania, it is Ordered that all state court proceedings are stayed and the Philadelphia Municipal Court is ordered to Strike the Judgment entered July 16, 2002 in favor of Ariel Olivencia.

                                                                     BY THE COURT

                                                    _____
                                                                         J.

G:\Delta Dental\Olivencia\Pleadings\Motion to Stay Proceedings.wpd