UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARIEL OLIVENCIA, : | |
|     Plaintiff : | |
| : | |
| : | No.: 02-CV 4184 |
| v. : | |
| : | |
| DELTA DENTAL OF : | |
| PENNSYLVANIA, : | |
|     Defendant : | |

**MEMORANDUM OF LAW IN SUPPORT OF PENNSYLVANIA
DENTAL SERVICE CORPORATION,
t/d/b/a DELTA DENTAL OF PENNSYLVANIA'S MOTION
TO STAY STATE COURT PROCEEDINGS**

**I.   INTRODUCTION**

The Plaintiff, Ariel Olivencia, commenced an action in The Philadelphia Municipal Court, on or about June 3, 2002. Plaintiff's Complaint, a copy of which is attached to Defendant's Motion to Stay State Court Proceedings (hereinafter "Motion to Stay") as Exhibit "A", was served upon the Defendant June 12, 2002. On June 25, 2002, the Defendant, Pennsylvania Dental Service Corporation t/d/b/a Delta

Dental of Pennsylvania (hereinafter "Delta Dental") timely filed a Notice of Removal with the U.S. District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1446. A copy of such Notice of Removal is attached to Defendant's Motion to Stay as Exhibit "B."[1]

Pursuant to 28 U.S.C. §1446(d), a copy of the Notice of Removal was simultaneously served upon the Philadelphia Municipal Court as evidenced by the Certificate of Service attached to said Notice of Removal. On July 16, 2002, <u>after</u> notice of removal, the Philadelphia Municipal Court entered judgment in favor of the Plaintiff as a result of Defendant's failure to appear. The Notice of Judgment, attached to Defendant's Motion to Stay as Exhibit "C," was served upon the Defendant on August 26, 3003.

On September 6, 2002, Defendant, Delta Dental attempted to file a Motion to Strike the Judgment with the Philadelphia Municipal Court. A copy of such Motion is attached to the Defendant's Motion to Stay as Exhibit "D". However, the Motion was rejected by the Court Clerk of the Philadelphia Municipal Court on September 10, 2002. See, Exhibit "E" attached to Defendant's Motion to Stay. On September 13, 2002, Defendant attempted to re-file the Motion. However, the Motion was

---

[1] This action has been docketed before the U.S. District Court for the Eastern District of Pennsylvania at Civil Action No. 02-CV-4184.

returned to Defendant's counsel on September 19, 2002, again requesting that Plaintiff "fill out Rule and affidavit". See, Exhibit "F" attached to Defendant's Motion to Stay. On September 24, 2002, the Defendant again attempted to file the Motion, this time including a letter explaining that since the filing was a "Motion to Strike" and not a "petition to open the judgment" a rule to show cause is not appropriate. A copy of the letter is attached to Defendant's Motion to Stay as Exhibit "G." However, on September 27, 2002, the Philadelphia Municipal Court again failed to comply with federal law and returned the Motion noting that Delta Dental "still need[s] rule." See, Exhibit "F" to Defendant's Motion to Stay.

Consequently, on November 21, 2002, Defendant, Delta Dental, filed a Motion with this Court requesting that this Honorable Court (1) Order any proceedings relating to Docket No. SC-02-06-03-0143 in any state court stayed; and (2) Order the Philadelphia Municipal Court to Strike the Judgment entered July 16, 2002 in favor of the Plaintiff, Ariel Olivencia. This Memorandum is filed in support of such Motion pursuant to United States District Court Eastern District Local Rule of Civil Procedure 7.1.

## II. Legal Contentions and Authority Relied Upon

The procedure for removing a case from state court to federal court is set forth at section 1446(a) of Title 28 of the United States Code, which provides that:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C.A. §1446(a). Section 1446(d) of Title 28 goes on to provide that once a Notice of Removal is filed ". . . the State court shall proceed no further unless and until the case is remanded."

Delta Dental's Notice of Removal was served upon the Philadelphia Municipal Court as evidenced by the Certificate of Service attached to its Notice of Removal. Because said Notice of Removal deprives the Philadelphia Municipal Court of jurisdiction pursuant to 28 U.C.S.A. §1446(d), the Municipal Court's Judgment is a nullity. *Crown Const. Co. v. Newfoundland American Ins. Co.,* 429 Pa. 119, 125, 239 A.2d 452, 455 (1968)("When a removal has been effected in strict compliance with the statutory requirements, then the state court's jurisdiction ceases and any further proceeding in the state court is a nullity so long as the action is pending in the

federal court"); see also, *Miners Sav. Bank of Pittston, Pa. v. United States*, 63 F.Supp. 305 (M.D.Pa.1945); *Shenandoah Chamber of Progress v. Frank Associates, Inc.,* 95 F.Supp. 719 (E.D.Pa.1950).

Although the Philadelphia Municipal Court is without jurisdiction, a state court can, however, act to correct its own records, i.e. strike the default judgment**.** *Master Equipment, Inc. v. Home Ins. Co.*, 342 F.Supp. 549, 552 (E.D. Pa. 1972). In fact, the U.S. District Court for the Eastern District of Pennsylvania has indicated that this is the preferred procedure. *See, Master Equipment, Inc. v. Home Ins. Co.*, 342 F.Supp. 549, 552 (E.D. Pa. 1972). In *Master Equipment, Inc.*, the defendant filed a motion for the court to set aside a state court's entry of default judgment which was entered after the matter had been removed to federal court. The Court denied the motion but held that the state court should instead, correct the mistake. The Court stated:

> This Court realizes that the State court is without the jurisdictional grounds to "proceed" any further with the controversy. In our view the State court can, however, act to correct its own records, i.e. strike the default judgment. As viewed by this Court, this would not be a "procedure" within the scope of the statute, but rather a ministerial function to correct the records of the State court which would be erroneous as they stand. A default judgment not only appears in the record created in the State court which has been removed to the Federal court, but may also appear in default judgment books and other places where default

> judgments and assessments of damages may be entered. The State court is best able to correct these entries wherever they may have been made and prevent the execution of an "open" default judgment. This State action now would prevent the necessity of the Federal court at a later date ordering the State court not to permit the execution of the null default judgment which might remain on its books and upon which the plaintiff might try to act. For all parties concerned including both the State and Federal courts, it is better that the State court correct its records and put plaintiff's default judgment to rest.

*Id.* at 550.

Delta Dental attempted to follow this procedure, and requested that the Philadelphia Municipal Court strike the judgment. Instead of granting relief, however, the Philadelphia Municipal Court refused to accept the Defendant's Motion, and attempted to subject the Defendant to procedures which go beyond "ministerial" functions. Specifically, the Philadelphia Municipal Court required a Rule and Affidavit. Federal law does not permit state courts to require a Rule and Affidavit (or permit a hearing in state court) <u>after</u> a case has been properly removed. Thus, as in *Master Equipment, Inc.*, it is essential that this Court Stay all state court proceedings and order the Municipal Court to correct its records by Striking the Default Judgment.

## III. CONCLUSION

For the reasons set forth above, this Court should order all state court proceedings stayed, and order the Philadelphia Municipal Court to Strike the Judgment entered July 16, 2002 in favor of Ariel Olivencia.

        **NAUMAN, SMITH, SHISSLER & HALL, LLP**

---

**Dennis E. Boyle, Esquire**
Supreme Court I.D. No 49618

**Jodi A. Beierschmitt, Esquire**
Supreme Court I.D. No. 84727
200 N. 3rd Street, 18th Floor
P. O. Box 840
Harrisburg  PA  17108-0840
Telephone:  (717) 236-3010
Facsimile:  (717) 234-1925

Counsel For: Pennsylvania Dental Service
Corporation, t/d/b/a Delta Dental of Pennsylvania

Date: December 11, 2002

# CERTIFICATE OF SERVICE

**AND NOW**, on the date stated below, I, **JODI A. BEIERSCHMITT, ESQUIRE**, of the firm of Nauman, Smith, Shissler & Hall, LLP, hereby certify that I this day served the foregoing Motion to Strike by depositing a copy of the same in the United States Mail, first class, postage prepaid, at Harrisburg, Pennsylvania, addressed to the following:

Ariel Olivencia
1316 Deveraux Ave.
Philadelphia PA  1911-5816

The Philadelphia Municipal Court
34 S. 11th St. Philadelphia, PA 19107

**NAUMAN, SMITH, SHISSLER & HALL, LLP**

By:_____
**Jodi A. Beierschmitt, Esquire**
Supreme Court I.D. No. 84727
200 North Third Street, P. O. Box 840
Harrisburg, PA  17108-0840
Telephone:  (717) 236-3010

Counsel for Pennsylvania Dental Service Corporation, t/d/b/a Delta Dental of Pennsylvania

Date:  December 11, 2002

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ARIEL OLIVENCIA,** : | |
|     **Plaintiff** : | |
| : | |
| : No.: 02-CV 4184 | |
| **v.** : | |
| : | |
| **DELTA DENTAL OF** : | |
| **PENNSYLVANIA,** : | |
|     **Defendant** : | |

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of the Motion of Delta Dental of Pennsylvania, it is Ordered that all state court proceedings are stayed and the Philadelphia Municipal Court is ordered to Strike the Judgment entered July 16, 2002 in favor of Ariel Olivencia.

BY THE COURT

_____
J.

G:\Delta Dental\Olivencia\Pleadings\Brief in Support of Motion to Stay Proceedings.wpd