UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARIEL OLIVENCIA, | : |
|     Plaintiff | : |
| | : No.: 02-CV 4184 |
| v. | : |
| | : |
| DELTA DENTAL OF | : |
| PENNSYLVANIA, | : |
|     Defendant | : |

## CASE REPORT

**I.   FACTS OF THE CASE**

The Plaintiff, Ariel Olivencia, commenced an action in The Philadelphia Municipal Court, on or about June 3, 2002. The Complaint was served upon the Defendant, Pennsylvania Dental Service Corporation t/d/b/a Delta Dental of Pennsylvania ("Delta Dental"), an employee benefit welfare plan, on June 12, 2002. In his Complaint, the Plaintiff alleges that he was improperly billed $750.00 for the extraction of his wisdom teeth for what he believes should be a covered procedure under his ERISA Benefit Plan administered by Delta Dental. The Plaintiff demands:

> ...payment of $784.00 Balance (INCL. Penalties) plus compensatory and punitive damages, citing statute 63 P.S. 1710(6), 45.104 Fraud or Deceit, and 49 Pa.Code 45.102, relating to the Code of Ethics. Plaintiff seeks judgment in the amount of $5,000.00 plus court costs.

No other relevant facts are alleged in the Complaint.

On June 25, 2002, the Defendant, Pennsylvania Dental Service Corporation t/d/b/a Delta Dental of Pennsylvania (hereinafter "Delta Dental") timely filed a Notice of Removal with the U.S. District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1446. Delta Dental also filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, or in the alternative, for lack of jurisdiction over the subject matter, as well as a Memorandum in support thereof in accordance with Eastern District Local Rule 7.1(b).

This Honorable Court denied the Motion to Dismiss on August 30, 2002. In its Order, the Court stated:

> Because Plaintiff's Compliant alleges that "[a]n effort to resolve this matter with defendant was to no avail," we will not, at this stage of the proceedings, dismiss the Complaint for failure to exhaust administrative remedies...

On September 10, 2002, Defendant filed an Answer to Plaintiff's Complaint, denying that Plaintiff failed to avail himself of Delta's appeal and grievance procedure, that Delta Dental has in any way prevented him from doing so, or will prevent him from doing so at the present time.

## II.   BASIS FOR COURT'S JURISDICTION

29 U.S.C.A. §1132(E)(1).

## III.   CAUSE OF ACTION

Notwithstanding the Plaintiff's allegations that he is entitled to relief under 63 P.S. 1710(6), 45.104 Fraud or Deceit, and 49 Pa.Code 45.102, relating to the Code of Ethics, which are wholly irrelevant to the matter at hand, it is Defendant's position that pursuant to the Order of Court entered August 30, 2002, the only remaining viable cause of action is for recovery pursuant to 29 U.S.C. §1132(a)(1)(B).

## IV.   DEFENSES

1.   *Mr. Olivencia's claims are state common law causes of action which are preempted pursuant to 29 U.S.C. §1144.*   Section 502(a)(1)(B) of ERISA

provides the <u>exclusive</u> civil enforcement mechanism for beneficiaries to recover benefits from a covered employee benefit plan. See 29 U.S.C. § 1132(a)(1)(B) (1994); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63, 107 S.Ct. 1542 (1987); 1997 WL 299428 *1 (E.D.Pa.). Consequently, any common law action brought by a subscriber of an employee benefit plan for a denial of benefits is preempted by ERISA.

2.  *Mr. Olivencia's claims must be dismissed without prejudice because he has failed to exhaust the administrative remedies available under his ERISA plan before seeking judicial relief.* Absent an applicable exemption, a district court lacks subject matter jurisdiction over an ERISA-covered action until administrative remedies are exhausted. *Kennedy v. Empire Blue Cross & Blue Shield,* 796 F.Supp. 764, 767 (S.D.N.Y.1992), *aff'd,* 989 F.2d 588, 592 (2d Cir.1993); *Delong v. Teacher's Ins. and Anuity Ass'n,* 2000 WL 426193, *5 (E.D.Pa.). An individual claiming improper denial of benefits first must exhaust the internal administrative procedures made available by the ERISA plan at issue before seeking judicial relief. See, *e.g.*, *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 916 (3d Cir.1990).

## V.  DISCLOSURE REQUIREMENTS

Defendant has complied with the disclosure requirements of Fed.R.Civ. P. 26(a)(1) based upon information reasonably available. The Plaintiff has not yet complied with said requirements.

## VI.  DISCOVERY COMPLETION DATE

March 31, 2003.

## VII. JOINDER OF NECESSARY PARTIES

All necessary parties have been properly joined.

## VIII. SETTLEMENT NEGOTIATIONS

No settlement negotiations have taken place. Because Delta Dental believes the Plaintiff's cause of action is without merit, Delta Dental is not agreeable to settlement of this action. However, upon immediate withdrawal of the Plaintiff's Complaint, Delta Dental will permit the Plaintiff to initiate Delta Dental's internal appeals procedure.

## IX.  LIST OF COUNSEL

Jodi A. Beierschmitt, Esq. for Defendant, Pennsylvania Dental Service Corporation t/d/b/a Delta Dental of Pennsylvania.

**NAUMAN, SMITH, SHISSLER & HALL, LLP**

---

**Dennis E. Boyle, Esquire**
Supreme Court I.D. No. 49618

**Jodi A. Beierschmitt, Esquire**
Supreme Court I.D. No. 84727
200 N. 3rd Street, 18th Floor
P. O. Box 840
Harrisburg  PA  17108-0840

Counsel For: Pennsylvania Dental Service Corporation, t/d/b/a Delta Dental of Pennsylvania

Date:  December 3, 2002

## CERTIFICATE OF SERVICE

**AND NOW**, on the date stated below, I, **JODI A. BEIERSCHMITT, ESQUIRE**, of the firm of Nauman, Smith, Shissler & Hall, LLP, hereby certify that I this day served the foregoing Case Report by depositing a copy of the same in the United States Mail, first class, postage prepaid, at Harrisburg, Pennsylvania, addressed to the following:

Ariel Olivencia
1316 Deveraux Ave.
Philadelphia PA  19111-5816

**NAUMAN, SMITH, SHISSLER & HALL, LLP**

By:_____
**Jodi A. Beierschmitt, Esquire**
Supreme Court I.D. No. 84727

Counsel for Pennsylvania Dental Service Corporation, t/d/b/a Delta Dental of Pennsylvania

Date:  December 3, 2002